**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3523-16T4

FARMLAND DAIRIES, INC.,

    Plaintiff-Respondent,

v.

BOROUGH OF WALLINGTON
(Bergen County),

    Defendant-Respondent.

_____

DONALD NUCKEL,

    Appellant.

_____

Argued October 30, 2017 — Decided November 13, 2017

Before Judges Sabatino, Whipple and Rose.

On appeal from the Tax Court of New Jersey, Docket Nos. 009501-2014, 004801-2015, and 002499-2016.

Arthur N. Chagaris argued the cause for appellant (Beattie Padovano, LLC, attorneys; Mr. Chagaris, of counsel and on the briefs; Martin R. Kafafian and Mariya Gonor, on the briefs).

Peter L. Davidson argued the cause for respondent Farmland Dairies, Inc. (The Davidson Legal Group, LLC, attorneys; Mr. Davidson, on the brief).

Paul M. Elias argued the cause for respondent Borough of Wallington (Bittiger Elias & Triolo, PC, attorneys; Mr. Elias, of counsel and on the brief; Michael C. Feinberg, on the brief).

PER CURIAM

Donald Nuckel, the owner of several properties in the Borough of Wallington, appeals from the Tax Court's opinion (published at 29 N.J. Tax 310 (Tax 2016)), denying his motion to intervene pursuant to Rule 4:33-1 in a pending Tax Court case involving another property in the Borough owned by Farmland Dairies, Inc.

Nuckel wishes as an intervenor to assert a counterclaim against Farmland alleging that the assessments of Farmland's property for various years were too low. Notably, the Borough unsuccessfully attempted to pursue such a claim of underassessment against Farmland earlier in its own counterclaim, which was dismissed as untimely.

Among other things, Nuckel contends that the Tax Court misapplied legal principles, including the statute of limitations and the "relation back" doctrine. Nuckel also argues that the Tax Court failed to address his alternative claim for permissive intervention under Rule 4:33-2.

The Borough and Farmland oppose these arguments. They assert that it is inappropriate to allow another taxpayer such as Nuckel to intervene after the expiration of the strict statute of

limitations for contesting local property tax assessments. See N.J.S.A. 54:3-21. They further contend that granting a third party such intervention status will unduly interfere with the ability of a local government and a property owner to settle their disputes, since the intervenor would possess "veto power" over settlement as a party to the case.

We were advised at oral argument that the underlying litigation remains open in the Tax Court, apparently due in part to the pendency of Nuckel's present appeal. Discovery has not yet been completed.

Having duly considered the parties' competing arguments, we affirm the Tax Court's denial of a right to intervene under Rule 4:33-1, substantially for the cogent and well-supported reasons expressed in Tax Court Judge Kathi F. Fiamingo's June 21, 2016 published opinion. Nuckel has no right under Rule 4:33-1 to intervene in order to revive or assert counterclaims that are time-barred. We reject his contention that the absence of specific individual notice to him of Farmland's pending tax appeal entitles him to extra time to file a pleading in that case.

That said, because the opinion below did not expressly address Nuckel's alternative argument for permissive intervention under Rule 4:33-2, we remand this matter for the Tax Court to consider that discrete argument. In particular, in exercising its

A-3523-16T4

discretion under that separate provision in light of the current posture of the litigation, the court "shall consider whether [such] intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Ibid.; see also Asbury Park v. Asbury Park Towers, 388 N.J. Super. 1, 12 (App. Div. 2006).

Affirmed in part and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3523-16T4